11-1065-cr
United States v. Rafael Morillo-Hidalgo

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of January, two thousand twelve.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                        No. 11-1065-cr

Rafael Morillo-Hidalgo,

> *Defendant-Appellant,*

Nicolas Hidalgo, Ilich Hernandez,

> *Defendants.*

---

**FOR DEFENDANT-APPELLANT:**          Barry D. Leiwant, Federal Defenders of New York, New York, NY.

1

**FOR APPELLEE:**                                    Zachary Feingold, Jessica Ortiz, & Iris Lan, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Rafael Morillo-Hidalgo ("Morillo-Hidalgo") appeals from a judgment of conviction entered by the District Court on March 10, 2011, convicting him, following a jury trial, on two counts: (1) conspiracy to distribute and possess with the intent to distribute cocaine, and (2) attempting to distribute and possess with the intent to distribute cocaine, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. With respect to both counts, the jury found that the quantity of cocaine involved was 500 grams or less. Although the Superseding Indictment alleged that the Count One conspiracy involved both cocaine and heroin, the jury found that heroin was not an object of the conspiracy. Morillo-Hidalgo was sentenced principally to 42 months of imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Morillo-Hidalgo argues only that the District Court erred in considering acquitted conduct to calculate the advisory Guidelines range. As the defendant himself acknowledges, that argument is contrary to the current law of the Circuit. Before *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Double Jeopardy Clause permitted a sentencing judge to consider acquitted conduct, "so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997). In *United States v. Vaughn*, 430 F.3d 518 (2d Cir. 2005), we concluded that *Booker* did not disturb the *Watts* decision, holding that:

> district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence . . . not authorized by the verdict.

*Id.* at 527.

2

Because we are "'bound by the decisions of prior panels until such time as they are overruled either by an *en banc* panel of our Court or by the Supreme Court,'" *European Community v. RJR Nabisco, Inc.*, 424 F.3d 175, 179 (2d Cir. 2005) (quoting *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004)), we reject the defendant's challenge to the *Vaughn* decision and affirm the judgment of the District Court.

## CONCLUSION

We reject all of the defendant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court